Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Email: drukavina@munsch.com
Email: jvasek@munsch.com

PROPOSED ATTORNEYS FOR
THE DEBTORS-IN-POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| SPARTAN GROUP HOLDINGS, LLC, *et al.*, | § § § | Case No. 23-42384 |
| Debtors.[1] | § § § | Joint Administration Requested |

## DEBTORS' REPLY TO LIMITED OBJECTION FILED BY BOB MOORE CONSTRUCTION, INC.

TO THE HONORABLE BRENDA T. RHOADES, CHIEF U.S. BANKRUPTCY JUDGE:

COME NOW Spartan Group Holdings, LLC; Spartan Concrete Construction, LLC; Spartan Engineering Services, LLC; Spartan Equipment Leasing, LLC; Spartan Fabrication Services, LLC; Spartan Metals Distribution, LLC; Spartan Reinforcing, LLC; and Spartan Valley Chili Road, LLC, the debtors-in-possession in the above styled and numbered bankruptcy cases, and reply as follows to the *Limited Objection to Debtors' Emergency Motion for Entry of Order Facilitating Sections 362(a) and 542(a) of the Bankruptcy Code* (Dkt. No. 34, the "Objection") filed by Bob Moore Construction, Inc. ("Moore").

---

[1] The debtors and the last four digits of their EINs are Spartan Group Holdings, LLC (5865), Spartan Concrete Construction, LLC (5378), Spartan Engineering Services, LLC (9172), Spartan Equipment Leasing, LLC (9972), Spartan Fabrication Services, LLC (1692), Spartan Metals Distribution, LLC (3800), Spartan Reinforcing, LLC (6811), and Spartan Valley Chili Road, LLC (1399).

1. Moore owes one or more of the Debtors money, but Moore objects to the Debtors' turnover request on the basis that any payment would allegedly constitute trust funds rather than property of the estate under the Texas Construction Trust Fund Statute, Tex. Prop. Code §§ 162.001 *et seq.* Moore argues the Court should require the Debtors to remit any such payments directly to specific suppliers. For the reasons set forth below, however, the Court should order unconditional turnover of all receivables from Moore immediately.

2. First, it is Moore that owes the Debtors the funds as asserted trust funds. Under Moore's analysis, Moore is the trustee holding trust funds for the benefit of the Debtors, the beneficiary, because the purpose of the trust fund statute is to ensure that an owner's or general contractor's subcontractor is paid. The Debtors are precisely that subcontractor-beneficiary, and the Debtors are entitled to the funds (as well as to file their own M&M liens if they are not paid). Moore would turn the statue on its head.

3. Second, even assuming a payment from Moore would constitute trust funds in the Debtors' hands, a point the Debtors do not concede as they do not bear the burden of proof,[2] the Debtors would still hold legal title, which is enough to mandate turnover. *See Georgia Pacific Corp. v. Sigma Service Corp.*, 712, F.2d 962, 964 (5th Cir. 1983) ("even if the debt due by Georgia-Pacific [property owner] to Sigma [contractor] included funds subject to a constructive trust or other equitable claim of Dura-Wood and Foster [suppliers], nevertheless Sigma had legal title to the account so due and it therefore was part of the debtor's estate, 11 U.S.C. § 541(a), (d), that was required to be turned over to the administrator of the debtor's estate, 11 U.S.C. § 542(a), (b), subject to recognition in the bankruptcy court of the equitable interest of the claimants, 11 U.S.C. § 541(d)").

---

[2] *See Georgia Pacific Corp. v. Sigma Service Corp.*, 712, F.2d 962, 969 (5th Cir. 1983) ("'[w]hen property of the estate is alleged to be held in trust, the burden rests upon the claimant to establish the original trust relationship.").

4. And even if the Court ordered turnover subject to the equitable interests of potential trust beneficiaries, it would not be appropriate to require the Debtors to pay any one of them in particular, as long as the Debtors comply with the Texas Trust Fund Statute, under which it is an affirmative defense to a claim for misapplication of trust funds that "that the trust funds not paid to the beneficiaries of the trust were used by the trustee to pay the trustee's actual expenses directly related to the construction or repair of the improvement …." Tex. Prop. Code Ann. § 162.031(b). The Fifth Circuit has repeatedly interpreted this provision mean "that contractors [can] spend money from one project on another to keep the business going." *Ratliff Ready-Mix, L.P. v. Pledger (In re Pledger)*, 592 Fed. Appx. 296, 300 (5th Cir. 2015); *id.* at 301 (citing *Coburn Co. of Beaumont v. Nicholas (In re Nicholas)*, 956 F.2d 110, 113 (5th Cir. 1992), for the proposition that "paying for one project with the funds of another project to keep the business going [falls] within 'actual expenses directly related to a project' and [is] not a misapplication of funds under the Trust Fund Statute.").

5. The Fifth Circuit has also "recognized that under the Texas statute's 'actual expenses' exception, trust funds [can] be spent on 'expenses related to general business overhead.'" *Pledger*, 592 Fed. Appx. at 300 (quoting *In re Swor*, 347 Fed. Appx. 113, 116 (5th Cir. 2009)). Even "representative Jim Parker, the author of House Bill No. 1160, stated on the [Texas] House floor that payroll, vehicle expenses, and administrative expenses were covered under the 'actual expenses' language." *Id.* at 301 n.1 (quoting Debate on H.B. 1160 on the Floor of the House, 70th Leg., R.S. (May 30, 1987) (Point of Order—Tape 112, Side B)). As evidenced by the Debtors' cash collateral motion and budget, the Debtors intend to use the proceeds of receivables they collect to "keep their business going." This is permissible—*i.e.*, consistent with the Debtors' alleged fiduciary duties—under the Texas Trust Fund Statute, so the Court should overrule the Objection.

6.   The Bankruptcy Code limits self-help remedies, provides for a centralized forum to adjudicate disputes, protects all legitimate interests, and fosters reorganization.  Step one is to assemble the "pie."  That is all that the Debtors seek to do by their motion.  Step two is to determine how to split the "pie."  The Debtors' creditors and vendors will have every opportunity to assert their claims, and contractors and creditors have rights to request adequate protection or to seek relief from the automatic stay, and this Court can and will determine all of those issues.  That is how the orderly process of claims payment should proceed, instead of one of the Debtors' customers determining which of the Debtors' pre-petition creditors should be paid from what funds and in preference to other creditors.

RESPECTFULLY SUBMITTED this 21st day of December, 2023.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ *Julian P. Vasek*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
500 N. Akard St., Ste. 4000
Dallas, Texas  75201
Telephone: (214) 855-7500
Email: drukavina@munsch.com
Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR THE DEBTORS-IN-POSSESSION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on December 21, 2023, true and correct copies of this document and all exhibits attached hereto were served via the Court's CM/ECF system on the following recipients:

Zachery Z. Annable on behalf of Creditor BLW Place & Finish, LLC
zannable@haywardfirm.com, zannable@franklinhayward.com

Erin Eileen Fry on behalf of Interested Party Commerce Construction Co., L.P.
efry@griffithdavison.com

T. Josh Judd on behalf of Interested Party Andrews Myers, P.C.
jjudd@andrewsmyers.com, sray@andrewsmyers.com

Eric A Liepins on behalf of Creditor Bob Moore Construction, Inc
eric@ealpc.com,
martha@ealpc.com;r56883@notify.bestcase.com;eric_154@ecf.courtdrive.com

Julie Anne Parsons on behalf of Creditor The County of Hays, Texas
jparsons@mvbalaw.com,
kalexander@mvbalaw.com;theresa.king@mvbalaw.com;julie.parsons@ecf.courtdrive.com

Linda Reece on behalf of Creditor Carrollton-Farmers Branch ISD
lreece@pbfcm.com

Kenneth Stohner, Jr. on behalf of Creditor BMO Harris Bank N.A.
kstohner@jw.com, osalvatierra@jw.com

John Kendrick Turner on behalf of Creditor Dallas County
john.turner@lgbs.com, Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

US Trustee
USTPRegion06.TY.ECF@USDOJ.GOV

Keith Wier on behalf of Creditor Riverside Capital NY
kwier@mauricewutscher.com

By: /s/ <em>Julian P. Vasek</em><br>Julian P. Vasek, Esq.